UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT FREDRICS BANDA,<br><br>                Petitioner,<br>    v.<br><br>KEVIN MCALEENAN,[1] et al.,<br><br>                Respondents. | CASE NO. C18-1841JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This matter comes before the court on the report and recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 14)), and Respondents' objections thereto (Objections (Dkt. # 15)). Having carefully reviewed the foregoing,

//

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court DIRECTS the Clerk of court to substitute Kevin McAleenan for Kirstjen Nielsen. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time.").

ORDER - 1

along with Petitioner Vincent Fredrics Banda's response (Resp. (Dkt. # 16), all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 14), GRANTS Petitioner's habeas corpus petition (Dkt. # 1), DENIES Respondents' motion to dismiss (Dkt. # 6), and ORDERS Respondents, within 30 days of the filing date of this order, to provide Petitioner with an individualized bond hearing that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id*.

## III. DISCUSSION

Pursuant to 8 U.S.C. § 1225(b)(1), Respondents have detained Petitioner, an asylum seeker from Malawi, in immigration detention at the Northwest Detention Center for more than 18 months. (*See* R&R at 2-3.) Section 1225(b)(1) permits Respondents to

detain, among others, noncitizens who were initially determined to be inadmissible due to fraud, misrepresentation, or a lack of valid documentation, but who have not yet been removed pending a decision on an asylum application. *See* 8 U.S.C. § 1225(b)(1).

Respondents have not provided Petitioner with a hearing where they must justify his continued detention. (*See* R&R at 7.) In her report and recommendation to this court, Magistrate Judge Theiler concluded that such continued detention without the opportunity for an individualized hearing before a neutral decision-maker where Respondents bear the burden of justifying Petitioner's continued detention violates the Fifth Amendment to the United States Constitution. (*See id* at 10-23.) Respondents timely filed objections to Magistrate Judge Theiler's report and recommendation. (*See generally* Objections.) The court now considers Respondents' objections and in doing so reviews Magistrate Judge Theiler's report and recommendation de novo.

**A.     Petitioner's Due Process Right to a Bond Hearing**

In their first objection, Respondents assert that "[b]oth the Supreme Court and the Ninth Circuit have recognized that Section 235(b) [8 U.S.C. § 1225(b)] is constitutional as applied to . . . aliens seeking admission to the United States." (Objections at 3 (citing *Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 842 (2018)).) However, as Magistrate Judge Theiler explained, that argument fails. In *Jennings*, the case upon which Respondents rely, the Supreme Court only addressed an issue of statutory interpretation and expressly avoided constitutional questions. 138 S. Ct. at 851. The Supreme Court concluded that the text of 8 U.S.C. § 1225 was clear, rendering unnecessary the Ninth Circuit's resort to the canon of constitutional avoidance to construe the statute. *See id.*

Magistrate Judge Theiler correctly concluded that, "[r]ather than considering the parties' constitutional due process arguments, the [Supreme] Court remanded to the Ninth Circuit for further proceedings" (R&R at 14 (citing *Jennings*, 138 S. Ct. at 851-52)), which in turn "remanded to the district court to determine 'the minimum requirements of due process' for noncitizens detained under each statute" (*id.* at 14 (quoting *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018))).

Further, Magistrate Judge Theiler also correctly found that "unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process." (R&R at 16.) Since the Supreme Court's decision in *Jennings*, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018); *see also Denmore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."). As Magistrate Judge Theiler points out, numerous federal district courts have provided bond hearings to arriving noncitizens in prolonged detention in the wake of *Jennings*. (R&R at 15-16 (citing cases).) These cases, taken together, confirm Magistrate Judge Theiler's recommended ruling that "unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process." (*Id.* at 17.)

**B.    The Test for Determining Whether Petitioner's Detention Violates Due Process**

Next, Respondents object to the test Magistrate Judge Theiler employed to determine whether Petitioner's detention violates due process.  (Objections at 6-7.)  Magistrate Judge Theiler employed a case-specific analysis that considers the following factors:  "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."  (R&R at 16 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).)  Respondents argue that the court should have employed the three-part test articulated in *Matthews v. Eldridge*, 424 U.S. 319 (1976).  (Objections at 6.)  The *Matthews* test requires considering (1) the private interest affected, (2) the government's interest, and (3) the value added by additional or substitute procedural safeguards in the situation before the court.  *Matthews*, 424 U.S. at 334.

Magistrate Judge Theiler considered applying the three-factor test outline in *Matthews*, but correctly declined to do so.  (*See* R&R at 18-19.)  Courts apply the *Matthews* test to resolve the question of "whether the administrative procedures provided . . . are constitutionally sufficient."  424 U.S. at 334.  Thus, the *Matthews* test balances the benefits or burdens of "additional or substitute procedural safeguards."  *Id.* at 335.  It does not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided.  Therefore, Magistrate Judge Theiler correctly determined

that the *Matthews* test is not "particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." (R&R at 19.)

C. **Respondents' Standard of Proof**

Finally, Respondents object to Magistrate Judge Theiler's recommended ruling that Respondents "must provide clear and convincing evidence to justify [Petitioner's] continued detention." (*See* R&R at 23; *see also* Objections at 7.) Respondents attempt to distinguish prior holdings of the Ninth Circuit and this court by pointing out that those cases involved individuals detained under different detention statutes, namely 8 U.S.C. §§ 1226(a) and 1231(a)(6), but they fail to explain why those differences matter. (*See* Objections at 7 (citing *Singh*, 638 F.3d at 1208, and *Calderon-Rodriguez v. Wilcox*, --- F. Supp. 3d ----, 2019 WL 486409 (W.D. Wash. Feb. 7, 2019)).)

In *Singh*, the Ninth Circuit clarified that "the government should be held to a clear and convincing evidence standard of proof" in a bond hearing for a detainee under 8 U.S.C. § 1226(a), which permits detention of a noncitizen while removal proceedings are pending. 638 F.3d at 1203. Yet, the Ninth Circuit's analysis did not turn on the fine distinctions between the various removal detention statutes. Indeed, the Court stated that "'the government ma[de] too much of this distinction' because '[r]egardless of the stage of the proceedings, the same important interest is at stake—freedom from prolonged detention.'" *Id.* at 1205 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1087 (9th Cir. 2011)) (alterations in *Singh*). The court reaches the same determination here, and, accordingly, concludes that Magistrate Judge Theiler recommended the correct burden of proof and evidentiary standard for Petitioner's bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the report and recommendation (Dkt. # 14) in its entirety;

(2) The court DENIES Respondents' motion to dismiss (Dkt. # 6);

(3) The court GRANTS Petitioner's habeas corpus petition (Dkt. # 1);

(4) Within 30 days of the filing date of this order, the court ORDERS Respondents to provide Petitioner with a bond hearing that complies with the procedural requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011); and

(5) The court DIRECTS the Clerk to send copies of this Order to the parties and to Magistrate Judge Theiler.

Dated this 12th day of June, 2019.

JAMES L. ROBART
United States District Judge